The Honorable Dennis Young State Representative Post Office Box 1835 Texarkana, Arkansas 75504
Dear Representative Young:
This is in response to your request, made on behalf of Mr. Jim Nicholas, chairman of the Miller County Election Commission, on two questions relating to write-in candidates in a municipal special election. Specifically, your questions are:
 1. Since no specific code exists governing "Special Municipal Elections" in the area of write-in candidates, does Act 179 of 1995 apply in the case of a special election?
 2. If not, what procedure must the Miller County Election Commission follow to enable a person to run as a write-in candidate?
With respect to your first question, Act 179 of 1995 amended A.C.A. §14-43-202 which, prior to such amendment, provided:
 In all general elections held in cities of the first class for the election of officials of these cities, no ballots shall be counted for any person whose name is written in thereon. Only votes cast for the regularly nominated, or otherwise qualified, candidates whose names are printed on the ballot as candidates in the election shall be counted by the judges and clerks.
Act 179 amended the statute to add the words "and second class and incorporated towns" after the words "cities of the first class" and substituted the word "municipalities" for the word "cities." Act 179, therefore, merely subjected general elections of all municipalities to the prohibition that previously applied only to votes cast in general elections of cities of the first class; the act did not purport to change the law with respect to the type of election (i.e., general elections) to which the statute applies.
The question becomes whether a special municipal election is a "general" election within the meaning of that word as used in A.C.A. § 14-43-202. Arkansas Code Annotated § 7-1-101(3) (Repl. 1993)[1] defines "general or special election," as that term is used in Act 465 of 1969, as:
 the regular biennial or annual elections for election of United States, state, district, county, township, and municipal officials and the special elections to fill vacancies therein and special elections to approve any measure. The term, as used in this act, shall not apply to school elections for officials of school districts[.]
The terms "general election" and "special election" are not defined separately in the code.
In my opinion, "general election" and "special election" are not synonymous, notwithstanding that they are defined together. The statutory definition clearly distinguishes between "regular biennial or annual" (i.e., general) elections, and special elections. As the statute applies only to votes cast in municipal general elections, it is my opinion that A.C.A. § 14-43-202, as amended by Act 179 of 1995, does not prohibit the counting of write-in votes in a municipal special election.
With respect to your second question, it is my opinion that write-in candidacies are not permitted in the election at issue and therefore that there is no procedure available to the election commission to enable any person to run as a write-in candidate.
It is my understanding that the election at issue is to be held under the provisions of (identical) Acts 8 and 12 of 1995 (1st Ex. Sess.). Section 2(c)(1) of each act provides:
 The name of each candidate for mayor shall be supported by a petition, signed by at least fifty (50) qualified electors of the municipality, requesting the candidacy of the candidate. The name of each candidate for director shall be supported by a petition, signed by at least fifty (50) qualified electors of the ward, requesting the candidacy of the candidate. The petition supporting the candidacy of each candidate to be voted upon at the special election shall be filed with the city clerk or recorder not less than forty (40) days before the election by twelve o'clock noon.
The acts expressly require that the name of each candidate be supported by petition. "Each" means "every one of the persons or things mentioned; every one of two or more persons or things, composing the whole, separately considered." BLACK'S LAW DICTIONARY 455 (5th ed. 1979). The acts admit of no exception to the rule that a person's candidacy must be supported by petition. In my opinion, therefore, the procedures set forth in the acts and quoted above provide an exclusive mechanism for qualifying as a candidate in the election at issue.
Since the petition process is the exclusive means for becoming a candidate in the election at issue, and the names of persons satisfying the petition requirement will appear on the ballot (see Acts 8 and 12, § 5, and A.C.A. § 7-5-207(a) (Repl. 1993)), it is my opinion that there is no procedure under which the election commission may enable a person to run as a write-in candidate, and that a vote for any person whose name does not appear on the ballot is invalid and should not be counted.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General J. Madison Barker.
Sincerely,
WINSTON BRYANT Attorney General
WB:JMB/cyh
[1] Acts 946 and 963 of 1995 amended A.C.A. § 7-1-101, but made no change to subsection (3).